UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA A. CONNOR,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:19-cv-2088-TLN-EFB P<br><br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding without counsel in a civil action. She seeks leave to proceed in forma pauperis.

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, her request to proceed in forma pauperis is granted

Screening Order

Determining that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

/////

1

In screening a pro se pleading, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The allegations in plaintiff's complaint (ECF No. 1) are limited. She claims that in July of 2018, defendant doctor Jerry Wiener erroneously informed her that she had stage three breast cancer and on August 7, 2018 performed an unnecessary mastectomy. Plaintiff alleges that in October of 2018, she learned from another doctor that she only had stage one cancer and that the surgery had been unnecessary. According to plaintiff, the "intentional misconduct and deliberate indifference" has caused her irreparable harm. She seeks damages of $5,000,000.

Deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106. Her claims that defendant misdiagnosed the stage of her cancer and performed an unnecessary surgery, are at most allegations of medical negligence, which does not establish and Eighth Amendment violation. It is unclear from her allegations why the defendant made the decision in question, and whether he did so through deliberate decision or negligent oversight. Absent some allegations as to what motivated defendant's actions, it is impossible to determine whether defendant acted with deliberate indifference or mere negligence. Accordingly, plaintiff's complaint must be dismissed. Plaintiff may file an amended complaint addressing this deficiency.

/////

Moreover, any amended complaint should allege where the claims against defendant Weiner arose. If plaintiff's consultation and surgery with Weiner took place in Chowchilla, at or near the Central California Women's Facility facility were plaintiff was then confined, then this action ought to be transferred to the Fresno division of this court. *See* E.D. Cal. Local Rule 120(d).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor may she bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on her legal claims.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

3. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: April 10, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE