1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BARBARA A. CONNOR,                    No. 2:19-cv-2088-TLN-EFB P

12              Plaintiff,

13        v.                               ORDER

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,
15
              Defendants.
16

17

18        Plaintiff is a former state prisoner proceeding without counsel in an action brought under

19   42 U.S.C. § 1983.  The court screened plaintiff's original complaint, found that plaintiff had

20   failed to state sufficient facts to support her constitutional claim and failed to allege facts that

21   would enable the court to determine the appropriate venue for the case, and directed plaintiff to

22   file an amended complaint.  ECF No. 6.  Plaintiff has filed an amended complaint, which is

23   before the court for screening under 28 U.S.C. § 1915(e)(2), as plaintiff proceeds in forma

24   pauperis.  ECF No. 7.

25        I.      Screening

26               A.  Requirement and Standards

27        Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

28   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

1

1  which relief may be granted, or seeks monetary relief against a defendant who is immune from

2  suit.

3        In screening a pro se pleading, the court must accept as true the allegations of the

4  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

5  construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

6  plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy

7  the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)

8  requires a complaint to include "a short and plain statement of the claim showing that the pleader

9  is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

10 upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v.*

11 *Gibson*, 355 U.S. 41 (1957)).

12       B.  Factual Allegations

13       Plaintiff alleges that, while confined in prison, she was transported to the office of

14 defendant Dr. Jerry Weiner.  She claims that Weiner diagnosed her with stage three breast cancer

15 despite a biopsy indicating that her cancer was only stage one, and that, due to this misdiagnosis,

16 performed an unnecessarily invasive mastectomy.  Plaintiff sues the California Department of

17 Corrections and Rehabilitation along with defendant Weiner for violation of her Eighth

18 Amendment right to be free from cruel and unusual punishments.

19       C.  Analysis

20       In screening plaintiff's original complaint, the court informed her of the elements of an

21 Eighth Amendment claim and found that plaintiff had not stated facts supporting such a claim.  In

22 particular, the court pointed out that the facts alleged by plaintiff did not show that Weiner acted

23 with the requisite mental state to establish deliberate indifference.

24       To succeed on an Eighth Amendment claim predicated on allegedly deficient medical

25 care, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's

26 response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

27 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the

28 failure to treat the condition could result in further significant injury or the unnecessary and

1    wanton infliction of pain. *Jett*, 439 F.3d at 1096.  A deliberately indifferent response may be

2    shown by the denial, delay or intentional interference with medical treatment or by the way in

3    which medical care was provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.

4    1988).  To act with deliberate indifference, a prison official must both be aware of facts from

5    which the inference could be drawn that a substantial risk of serious harm exists, and he must also

6    draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

7         Thus, a defendant will be liable for violating the Eighth Amendment if he knows that

8    plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take

9    reasonable measures to abate it." *Id.* at 847.  "[I]t is enough that the official acted or failed to act

10   despite his knowledge of a substantial risk of serious harm." *Id*. at 842.  Importantly (and as the

11   court has already informed plaintiff), the indifference to medical needs must be substantial; mere

12   malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*,

13   429 U.S. at 106.

14        Plaintiff again fails to state facts showing that defendant Weiner's treatment of her cancer

15   amounted to substantial indifference over and above gross negligence.  Accordingly, her claim

16   against him must be dismissed.  The court will provide plaintiff one last opportunity to amend her

17   complaint to state a viable claim against Weiner.  In that regard, plaintiff is again cautioned that

18   allegations of mere medical negligence is not adequate to establish a claim for deliberate

19   indifference under the Eighth Amendment.

20        Additionally, plaintiff's claim against the California Department of Corrections and

21   Rehabilitation must be dismissed without leave to amend, as that agency is not a "person" who

22   may be sued under § 1983.  That statute provides a cause of action against "[e]very person who,

23   under color of [state law] subjects, or causes to be subjected, any citizen of the United States or

24   other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

25   immunities secured by the Constitution" or other federal law.  States and state agencies are not

26   "persons" within the meaning of the statute. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320,

27   1327 (9th Cir. 1991) (citing *Will v. Dep't of State Police*, 491 U.S. 58 (1989) and *Mt. Healthy*

28   *City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274 (1977)).

1  Lastly, the court instructed plaintiff to inform the court of the location in which the

2  allegations of her complaint took place so that the court can determine the appropriate venue for

3  her case.  She has not done so.  Plaintiff is again instructed that, in her second amended

4  complaint, she must inform the court of the location where the events of the complaint took place.

5  The court will provide plaintiff one last opportunity to amend the complaint to attempt to

6  state viable claims against defendant Weiner.

7  If plaintiff elects to file a second amended complaint, that pleading must identify as a

8  defendant only persons who personally participated in a substantial way in depriving him of a

9  federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

10  subjects another to the deprivation of a constitutional right if he does an act, participates in

11  another's act or omits to perform an act he is legally required to do that causes the alleged

12  deprivation).

13  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the

14  amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

15  Any amended complaint must be written or typed so that it so that it is complete in itself

16  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

17  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

18  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

19  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

20  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

21  1967)).

22  The court cautions plaintiff that failure to comply with the Federal Rules of Civil

23  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

24  *See* E.D. Cal. L.R. 110.

25  II.    Order

26  For the foregoing reasons, it is HEREBY ORDERED that:

27  1.  Plaintiff's amended complaint is dismissed with leave to amend within 30 days from

28      the date of service of this order.

4

2.  Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  May 19, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE