UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA A. CONNOR, | No. 2:19-cv-2088-TLN-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After dismissal of her two prior complaints pursuant to 28 U.S.C. § 1915(e)(2) (ECF Nos. 6 & 8), she has filed a second amended complaint (ECF No. 9), which the court must now screen.[1]

The second amended complaint reads in its entirety, as follows:

> I, Barbara A. Connor, claim "Deliberate Indifference" against the California Department of Corrections and Rehabilitation and Dr. Jerry W. Weiner. I believe that Dr. Jerry Weiner knew of my criminal case because of the proximity of Stockton to Manteca w[h]ere Dr. Weiner's practice is at Doctor's Hospital and

---

[1] Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.

1

   office, being just outside of Stockton.  I believe Dr. Weiner is homophobic and made a deliberate [and] conscious decision to give me a mastectomy without the Biopsy Report.  Not only did he not give [me] an alternate treatment plan but he also unknowing[ly] removed thirteen noncancerous lymph nodes.  I told Dr. Mitchell and Dr. Garcia of this concern I had about Dr. Jerry Weiner and this was documented in my medical files at Central California Women's Facility.  I am suffering physical trauma from the removal of thirteen noncancerous lymph nodes which has also caused nerve damage. Dr. Jerry Weiner's failure to give me the proper treatment has cause[d] me more health issues than what I would have if he had not ignored the biopsy report and given me a less invasive surgery.  I believe his personal prejudice motivated him to misdiagnose and mistreat me.  I should not have been given a mastectomy and I should not have had thi[r]teen noncancerous lymph nodes removed.

   Plaintiff seeks damages of $5,000,000.

ECF No. 9 at 2.

   Like the prior complaints, the second amended complaint fails to demonstrate that in removing the non-cancerous lymph nodes and performing a mastectomy, defendant Weiner acted with the deliberate indifference required for an Eighth Amendment claim.  If Weiner "unknowingly" removed non-cancerous lymph nodes, as plaintiff alleges, his conduct was negligent at worst, not the product of a deliberate decision to cause her harm.  Further, plaintiff's conclusory statement of her belief that Weiner performed a mastectomy on her for no reason other than being a suspected homophobe and having knowledge of her criminal case is entirely speculative.  At bottom, plaintiff's claim is based on her disagreement with the course of treatment chosen by Dr. Weiner.  Mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Leave to Amend

   The court has afforded plaintiff two chances to amend her complaint, yet her amendments have not been responsive to the court's screening orders.  Consequently, it declines to offer her further opportunity to amend.  *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

<u>Conclusion</u>

Accordingly, it is RECOMMENDED that plaintiff's second amended complaint (ECF No. 9) be DISMISSED without leave to amend and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 22, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE